UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19 CR 633 RWS |
| | ) |
| RAYCE LANDON SHURTZ, | ) |
| | ) |
| Defendant. | ) |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

1. **PARTIES:**

The parties are the defendant RAYCE LANDON SHURTZ, represented by defense counsel Nanci McCarthy, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

2. **GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count II of the charge (possession of child pornography), the United States agrees to move for dismissal of Count I of the charge (receipt of child pornography) at the time of sentencing. Moreover, the United States agrees that no further federal prosecution will be brought in this District relative to the defendant's receipt of child pornography from June 1, 2017, to November 7, 2018, of which the Government is aware at this

1

time; and possession of child pornography from October 1, 2018, to November 7, 2018, of which the Government is aware at this time.

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. Furthermore, the parties agree to recommend to the Court that it grant a downward variance and sentence the defendant to 48 months imprisonment.

The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States, including, but not limited to: Western Digital external hard drive, two Western Digital hard drive, three Toshiba laptop computers. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

3. **ELEMENTS:**

As to Count II, the defendant admits to knowingly violating Title 18, United States Code, Section 2252A(a)(5)(B), and admits there is a factual basis for the plea and further fully understands that the elements of the crime of Possession of Child Pornography which he admits to knowingly committing and for which he admits there is a factual basis are: (1) defendant knowingly possessed material that contained images of child pornography, (2) which were visual depictions, where the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct, and such visual depictions were of a minor engaging in sexually explicit conduct, and (3) those images are contained on material that has been transported in interstate and foreign commerce and were themselves transported in interstate and foreign commerce.

2

4. **FACTS:**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On October 6, 2018, Det. Sitton was conducting an undercover operation into those trading Child Pornography using the BitTorrent network. Det. Sitton identified an IP address that was offering to share child pornography. Det. Sitton directly connected to the computer at the IP address and downloaded eight files of child pornography. Det. Sitton reviewed the files and found them to depict prepubescent minor females engaged in sexually explicit conduct.

Det. Sitton subpoenaed records from Charter Communications and identified the user of the IP address at the pertinent dates and times. Charter's records indicated the IP address assigned to RS, 6211 O'Fallon Lakes drive in O'Fallon which is located in the Eastern District of Missouri. Det. Sitton continued his investigation and applied for and obtained a valid search warrant through the State of Missouri on November 6, 2018.

The search warrant was properly executed on November 7, 2018. RS and defendant were present when the search warrant was executed. Det. Sitton asked defendant to accompany him to a spare bedroom inside the residence. Defendant agreed. Once there, Det. Sitton advised defendant of his *Miranda* rights. Defendant waived his rights and agreed to be interviewed.

During the interview, defendant said that he used four of the computers in the residence, but primarily used the two computers in his bedroom: two Toshiba laptop computers. He said he used uTorrent to download pornography to his computers. He said that he would look through the images for adult pornography. He admitted that he would see child pornography in the files

he downloaded, but did not delete the child pornography because he was a "pack rat," although he admitted that he deleted other files.

Defendant admitted that during the last 5 1/2 years he has seen child pornography, but denied viewing the child pornography. He said the child pornography was on the black computer with uTorrent on it. He said he saw it a few weeks previously and that was the first time in many years.

Defendant said he considered child pornography to be children having sex with adults. He did not consider children posing as child pornography, but considered it to be art. He admitted that he knew the PT in PTHC meant preteen, but denied that he knew HC stood for hardcore.

Forensics

During the execution of the search warrant, officers seized the two Toshiba laptop computers from defendant's bedroom along with a Western Digital external hard drive. The devices were forensically examined by Det. Kevin Mountain, a qualified forensic examiner. The Toshiba laptop computer identified as (LT1) contained an HGST hard drive. The hard drive was produced in the Netherlands and, therefore, traveled in interstate and foreign commerce. Det. Mountain located 52 video files and 1144 image files of child pornography. The files were located in subfolders of the following path: Users\Rayce\RealPlayers Downloads\New folder\.... The files included, but are not limited to, the following:

    a.    "Nablot Sucker.mp4," a graphic video file that depicts, in part, a prepubescent minor male performing oral sex on a male;

    b.    "JB159.mp4," a graphic video file that depicts, in part, a prepubescent minor female in a lascivious display of her genitals; and

c. "Nablot 2.mp4," a graphic video file that depicts, in part, someone inserting their finger into the rectum of a prepubescent minor female and prepubescent minor children engaged in sexual activity.

Additionally, Det. Mountain located torrent file fragments that included names associated with child pornography. These fragments were located in the file path Users\Rayce\App Data\Roaming\uTorrent. Det. Mountain also located a Torrent File fragment which contained all eight filenames consistent with the filenames of the originally downloaded files on October 6, 2018.

Next, Det. Mountain examined the other Toshiba laptop computer (LT2). It contained Western Digital hard drive that was produced in Malaysia and, therefore, traveled in interstate and foreign commerce. Det. Mountain located 17 image files of child pornography on the computer. The files were located in the following file path: Users\Rayce\Pictures\pics\pics.

Det. Mountain also examined the Western Digital external hard drive. The hard drive was produced in Malaysia and, therefore, traveled in interstate and foreign commerce. Det. Mountain located 365 video files and 439 image files of child pornography, including, but not limited to:

a. "PEDO – preteen 10yo fucki.mpg," a graphic video file that depicts, in part, a male engaged in sexual intercourse with a prepubescent minor female;

b. "videofree.wmv," a graphic video file that depicts, in part, a prepubescent minor female in a lascivious display of her genitals; and

c. "Child_7Yo_1.avi," a graphic video file that depicts, in a part, a male engaged in sexual intercourse with a prepubescent minor female.

5

Summary

As to Count 2, between October 1, 2018, and November 7, 2018, within the Eastern District of Missouri and elsewhere, defendant knowingly possessed child pornography files on his Western Digital hard drive that had traveled in interstate commerce, images of child pornography that had traveled in interstate commerce, including, but not limited to:

   a. "PEDO – preteen 10yo fucki.mpg," a graphic video file that depicts, in part, a male engaged in sexual intercourse with a prepubescent minor female;

   b. "videofree.wmv," a graphic video file that depicts, in part, a prepubescent minor female in a lascivious display of her genitals; and

   c. "Child_7Yo_1.avi," a graphic video file that depicts, in a part, a male engaged in sexual intercourse with a prepubescent minor female;

Some of the videos and images depicted prepubescent minor children and some portrayed children involved in sadistic or masochistic conduct or other acts of violence. Defendant possessed more than 600 images of child pornography, where each video is considered to be the equivalent of 75 images. The Internet is a means and facility of Interstate commerce, and defendant's computers and hard drives were produced outside the state of Missouri and traveled in interstate and foreign commerce.

5. **STATUTORY PENALTIES:**

The defendant fully understands that for Count 2, the maximum possible penalty provided by law for Possession of Child Pornography, the crime to which the defendant is pleading guilty, is imprisonment of not more than 20 years, a fine of not more than $250,000, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not less than five years nor more than life.

Additionally, per 18 U.S.C. § 2259A, defendant fully understands that for offenses committed on or after December 7, 2018, in addition to other assessments, the Court may impose an assessment for each count of no more than $17,000.00 if convicted of 18 U.S.C. § 2252A(a)(5), regarding the possession of, or access with intent to view, child pornography.

6. **U. S. SENTENCING GUIDELINES: 2018 MANUAL:**

The defendant understands that this offense is affected by the U. S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

    a. **Chapter 2 Offense Conduct:**

        (1) **Base Offense Level:** The parties agree that the base offense level is 18, as found in Section 2G2.2(a)(1).

        (2) **Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

            (a) Two (2) levels should be added pursuant to §2G2.2(b)(2), because the "material involved a prepubescent minor or a minor who had not attained the age of 12 years;"

            (b) Four (4) levels should be added pursuant to §2G2.2(b)(4), because the "offense involved material that portrays (A) sadistic or masochistic conduct or other depictions of violence;"

            (c) Two (2) levels should be added pursuant to §2G2.2(b)(6), because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or

7

        distribution of the material, or for accessing with the intent to view the material;" and

    (d)    Five (5) levels should be added pursuant to §2G2.2(b)(7)(D), because the offense involved "600 or more images" of child pornography.

    b.    **Chapter 3 Adjustments:**

    **(1) Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the Government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the Government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the Government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

    (2)    **Other Adjustments:** The parties agree that the following additional adjustments apply: none.

    c.    **Estimated Total Offense Level:** The parties estimate that the Total Offense Level is twenty-eight (28).

    d.    **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable

category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

  e. **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

7. **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

  a. **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

   (1) **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

   (2) **Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

 b. **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

 c. **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8. **OTHER:**

 a. **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

 b. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

 c. **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. Some of these special conditions may include that defendant not possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling and that defendant not maintain a post office box. In addition, as a condition of supervised

release, defendant shall initially register with the state sex offender registration in Missouri, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws.

These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished. If, while on supervised release for this case, the defendant commits a new criminal offense under Chapters 109A, 110 or 117, or Title 18, United States Code, Sections 1201 or 1591, for which imprisonment for a term longer than one year can be imposed, the defendant shall be sentenced on the supervised release revocation up to the maximum term of life imprisonment.

d.  **Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, and before September 30, 2021, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under 18 U.S.C. § 2252A (possession, or access with the intent to view child pornography).

11

The assessment imposed under 18 U.S.C. § 3014 is in addition to the mandatory special assessment imposed under 18 U.S.C. § 3013.

e. **Possibility of Detention:** The defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143. However, it is defendant's position that there are exceptional reasons which may merit continued release.

f. **Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Sections 3663A and 2259, an order of restitution is mandatory for all crimes listed in Sections 3663A(c) and 2259. Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Sections 3663A(b) and 2259 and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment without regard to the count or counts to which the defendant has agreed to plead guilty. Under Section 2259(c)(3), the minimum amount of restitution per victim for each count if conviction is $3000 for crimes occurring on and after December 7, 2018.

g. **Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

9. **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant understands that by pleading guilty, defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply for life. The defendant understands that defendant must keep said registrations current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person said sex offender registration information.

13

Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Missouri following release from prison, defendant will be subject to the registration requirements of Missouri state law. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

Defendant knowingly and voluntary waives any rights and defenses defendant may have under the Excessive Fines Clause of the Eight Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

If the defendant is not a U.S. citizen, the guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

14

10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

11. **CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crimes, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12. **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except

where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

6/21/2021
Date

*[signature]* for
ROBERT F. LIVERGOOD
Assistant United States Attorney

6-21-21
Date

*[signature]*
RAYCE LANDON SHURTZ,
Defendant

6/21/21
Date

*[signature]*
NANCI MCCARTHY
Attorney for Defendant

16